**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANILO MALLARI,

    Plaintiff-Appellant,

 v.

TRACY VESSIGAULT; et al.,

    Defendants-Appellees.

No. 18-16486

D.C. No. 4:13-cv-04038-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted June 11, 2019[**]

Before: CANBY, GRABER, and MURGUIA, Circuit Judges.

  Danilo Mallari appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action stemming from the revocation of a license to operate a

home health agency. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

novo summary judgment and questions of standing. *Carroll v. Nakatani*, 342 F.3d 934, 940 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment on Mallari's First Amendment, equal protection, and due process claims on the basis that Mallari lacked standing to bring those claims because Mallari failed to raise a genuine dispute of material fact as to whether he was injured directly and independently of Medhealth Nursing, LLC. *See Shell Petroleum, N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir. 1982) (to demonstrate standing, a business owner must show that he was "injured directly and independently of the corporation"); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-562 (1992) (the three elements of standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof").

The district court did not abuse its discretion in granting Mallari's attorney's motion to withdraw. *See LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998) (setting forth standard of review); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

**AFFIRMED.**